## No. 7916.

### STATE OF LOUISIANA VS. LAURENT DESMOUCHET.

When the regular venire is exhausted, the entire jury may be formed of talesmen.

The formation and expression of an opinion by a juror, as to the guilt of the accused, based on mere rumor, when he is not prejudiced or biased, and the impression thus received by him, will yield to the evidence, do not disqualify him. Previous decisions affirmed.

APPEAL from the Twenty-First Judicial District Court, parish of St. Martin. *Fontelieu,* J.

J. C. Egan, Attorney General, for the State, Appellee.

Mouton & Martin, for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The errors relied upon by defendant and appellant are presented in two bills of exceptions to rulings of the Court *a qua,* viz :

1st. The regular panel of jurors having been exhausted without obtaining a juror, the judge ordered jurors *de talibus circumstantibus* to be called, from whom a jury was drawn to try the prisoner—to which proceeding defendant objected and excepted on the ground that the law authorizing the jury to be completed with talesmen after exhaustion of the regular panel, does not authorize the formation of an entire jury of talesmen only. The precise question has been passed upon by this Court adversely to defendant's exception, and we see no reason to depart from the precedent.

State vs. Reeves, 11 A. 686.

2d. Exception was taken to the competency of a juror who stated on his *voir dire* " that he had heard a good deal of the case at bar and had formed and expressed an opinion as to the prisoner's guilt or innocence ; but that, if what he had heard was proven to be untrue, and if the evidence proved the reverse of what had been told him, being

open to conviction and his mind not at rest as to the guilt or innocence, he was willing to change that opinion, and would decide the case according to the evidence and the law, notwithstanding what he had heard."

It has been repeatedly held by this Court that the formation and expression of an opinion as to the guilt or innocence of the accused, based on mere rumor, accompanied by no ill-will, prejudice or bias against the accused, and not such as to prevent the juror from deciding according to the evidence and the law without regard to former impressions, is not a disqualification.

State vs. Bunger, 14 A. 462.

State vs. Ward, 14 A. 693.

State vs. Merryman, 23 A. 148.

State vs. Lartigue, 29 A. 642.

The case of this juror falls distinctly under those rulings.

It is very different from the case of the State vs. Ricks just decided, where the juror reiterated that he had formed a *fixed and deliberate* opinion. Here the statement of the juror, taken altogether, establishes that his opinion is not fixed, if, indeed, it can be called more than a mere impression—since he expressly says that "his mind is not at rest as to the guilt or innocence."

It is, therefore, ordered, adjudged and decreed that the judgment appealed from be affirmed with costs.